IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINDSOR COURT HOTEL PARTNERS, LLC, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:25-cv-2813 |
| ARCH SPECIALTY INSURANCE COMPANY and LANDMARK SPECIALTY INSURANCE COMPANY, | | |
| Defendants. | | |
| v. | § § § § § § § § § | |
| WINDSOR COURT HOTEL PARTNERS, LLC, CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, LLC, AND ANATOLE PARTNERS, III, LLC | | |
| Counter-Defendants. | | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Local Civil Rule 81.1, Defendant Arch Specialty Insurance Company ("Arch") removes this action from the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. This action is within the original jurisdiction of the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1332(a) because Plaintiff Windsor Court Hotel Partners, LLC ("WCHP") and Defendants Arch and Landmark American Insurance Company ("Landmark") are citizens of different states, and the total amount in controversy exceeds $75,000, exclusive of interest and costs.

Pursuant to § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after receipt by the removing defendant of the amended pleading (the Second Amended Petition) making this case removable by dismissing non-diverse parties and claims. Despite this matter having been originally filed more than one year ago, the one-year bar of § 1446(c)(1) is not an impediment to this removal because the plaintiff acted in bad faith to prevent removal of this action, as more fully explained below.

## I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. This action originally commenced in the 134th District Court of Dallas County, Texas on or about October 18, 2023, when the Original Plaintiffs filed a lawsuit against seven insurance companies seeking recovery of tens of millions of dollars in alleged hurricane-related damage to a commercial hotel property located in New Orleans, Louisiana. The Original Plaintiffs included WCHP, Crow Family, Inc., Crow Holdings Capital Partners, LLC, and Anatole Partners III, LLC.

2. In the original petition, the Original Plaintiffs alleged that five of the seven Original Defendants (Allianz Global Riska US Insurance Company, Endurance American Specialty Insurance Company, Continental Casualty Company, Starr Specialty Lines Insurance Company, and Westchester Surplus Lines Insurance Company) who have now been dropped from this suit because of settlements with the Original Plaintiffs, issued primary insurance policies covering losses to the hotel property at issue. As to Arch and Landmark, the remaining two defendants, the Original Plaintiffs alleged that these defendants issued excess insurance policies. As to these defendants, the Original Plaintiffs did not allege that the limits of the primary policies had been exhausted.

3. After repeatedly raising the issue that the Original Plaintiffs had no cognizable claim against it, Arch filed a Counterclaim against the Original Plaintiffs in the State Court Action, seeking recovery of legal fees and costs to defend itself from the Original Plaintiffs' groundless claims that

were brought in bad faith pursuant to TEX. INS. CODE § 541.143.

4. Mere weeks after resolving their claims against the five primary insurance policy issuers in September 2025, WCHP filed a Second Amended Petition on September 26, 2025. With this amendment, three of the four Original Plaintiffs dropped out of the suit, and five of the seven Original Defendants, including the diversity-destroying defendants, were voluntarily non-suited. With these voluntary amendments to WCHP's petition, diversity now exists between the plaintiff (WCHP) and the defendants (Arch and Landmark) remaining in the suit.

## II. STATEMENT OF STATUTORY BASIS FOR JURISDICTION

5. WCHP alleges that it is an entity organized and existing under the laws of Delaware, whose members are citizens of Texas and Louisiana and whose principal place of business is in Louisiana. (Sec. Am. Pet., ¶ 3).

6. WCHP alleges that Arch is an insurer organized in the state of Missouri and with its principal place of business located at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, NJ 07311. (Sec. Am. Pet., ¶ 4).

7. WCHP alleges that Landmark is an insurer organized in the state of New Hampshire and with its principal place of business located at 945 East Paces Ferry Road, Suite 1800, Atlanta, GA 30326. (Sec. Am. Pet., ¶ 5).

8. WCHP alleges that the amount in controversy exceeds $1,000,000.00. (Sec. Am. Pet., ¶ 2).

9. For a corporation, citizenship is determined based upon the state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Together, Arch and Landmark are citizens of Missouri, New Jersey, New Hampshire, and Georgia.

10. For a limited liability corporation, citizenship is determined based upon the

citizenship of the members. WCHP is a citizen of Texas and Louisiana. *Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024).

11. In their original petition, the Original Plaintiffs alleged that Counter-Defendant Crow Family, Inc. is a corporation organized under the laws of Texas with its principal place of business in Texas. (Pet. ¶ 3). In their original petition, the Original Plaintiffs alleged that Counter-Defendant Crow Holdings Capital Partners, LLC is an entity organized and existing under the laws of Delaware, whose members are citizens of Delaware. (Pet. ¶ 4). In their original petition, the Original Plaintiffs alleged that Counter-Defendant Anatole Partners III, LLC is an entity organized and existing under the laws of Delaware, whose members are citizens of Texas and Delaware. (Pet. ¶ 5). However, the citizenship of counter-defendants is not relevant to determining whether the case falls within the original jurisdiction of the Court. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019).

12. As the plaintiff (WCHP) and defendants (Arch and Landmark) are citizens of different states, and the amount in controversy exceeds $75,000.00, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1), and the action is properly removable pursuant to 28 U.S.C. § 1441(b).

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

13. This case is removed to the District and Division embracing the District Court of Dallas County, Texas, the forum from which the case has been removed. *See* 28 U.S.C. §§ 124, 1441(a), and 1446(a).

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(3).

15. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Arch in the state court action are filed with this Notice of Removal.

16. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal together with all exhibits is being served upon counsel for WCHP, and a copy of the same will be promptly filed with the District Clerk of the District Court of Dallas County, Texas. In addition, a Notice of Filing of Notice of Removal will be filed promptly with the District Clerk of the District Court of Dallas County, Texas.

17. No further proceedings have occurred in the State Court Action since the filing of this Notice of Removal. Arch has not answered or moved in response to the Second Amended Petition.

18. All documents required by Local Civil Rule 81.1 are being filed contemporaneously with this Notice of Removal, including a civil cover sheet, a supplemental civil cover sheet, a separately signed certificate of interested parties, and this Notice of Removal accompanied by the following exhibits: (1) attached as **Exhibits A-1 through A-302** is a copy of each document filed in the State Court Action, except discovery material; (2) attached as **Exhibit B** is an index of the exhibits to this Notice of Removal; and (3) attached as **Exhibit C** is a copy of the State Court Docket Sheet.

19. Pursuant to § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after receipt by Arch of the amended pleading (WCHP's Second Amended Petition) making this case removable by dismissing non-diverse parties and claims.

20. Despite this matter having been originally commenced more than one year ago, this case falls within the bad faith exception to the one-year time limit for removal based upon diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(1); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 (5th Cir. 2019).

## IV. PROPRIETY OF REMOVAL

21. 28 U.S.C. § 1446(c) statutorily codifies the bad faith exception to the one-year removal deadline and allows removal based on diversity jurisdiction where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See* 28 U.S.C. § 1446(c)(1).

22. Under Fifth Circuit precedent, in determining whether the plaintiff acted in bad faith to prevent removal, the Court should focus on "what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant to 'prevent a defendant from removing the action.'" *See Hoyt*, 927 F.3d at 293 (quoting 28 U.S.C. § 1446(c)(1)) (emphasis in original).

23. Although the Fifth Circuit has not fully articulated a precise standard to apply when assessing bad faith for purposes of the statutory exception under § 1446(c)(1), courts in the circuit have focused on "whether the plaintiff's conduct indicates manipulation of the removal statute." *See Flores v. Intex Rec. Corp.*, No. 2:20-CV-73, 2020 WL 6385679, at *6 (S.D. Tex. July 2, 2020). Bad faith arises when a plaintiff "manipulate[s] the statutory rules for determining federal removal jurisdiction ... preventing a defendant from exercising its rights." *Garcia v. Lucky Bros., Inc.*, No. 1:25-CV-156, 2025 WL 2306845, at *5 (E.D. Tex. Aug. 8, 2025) (quoting *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017)).

24. Bad faith exists in this case because WCHP improperly combined a hypothetical, contingent, and premature lawsuit against its excess carriers—Arch and Landmark—with a ripe lawsuit against its primary carriers in order to start the one-year clock ticking and prevent the removal of this suit to federal court.

25. WCHP's own pleadings conclusively establish that its litigation conduct was designed from the beginning to avoid removal of this eventual lawsuit between WCHP and the

two issuers of excess insurance policies, Arch and Landmark. At the outset of the State Court Action, the Original Plaintiffs, included the following in their petition: "[c]omplete diversity of the parties pursuant to 28 U.S. Code § 1332 does not exist because at least some Plaintiffs and Defendants share domicile in both Delaware and Texas." (Pet. ¶ 14). In their First Amended Petition, filed December 29, 2023, the Original Plaintiffs again alleged that "[c]omplete diversity of the parties pursuant to 28 U.S. Code § 1332 does not exist because at least some Plaintiffs and Defendants share domicile in both Delaware and Texas." (Am. Pet. ¶ 15). And finally, when filing their Second Amended Petition on September 26, 2025, WCHP, the remaining plaintiff (and the only one of the Original Plaintiffs with standing to sue Arch and Landmark) alleged: "at the commencement of this action, complete diversity of the parties pursuant to 28 U.S. code § 1332 did not exist because at least some then-plaintiffs and then-defendants shared domicile in both Delaware and Texas. Moreover, pursuant to 28 U.S.C. § 1446(c), Defendants may not remove this case because more than one year has passed since the commencement of this action and Plaintiff has amended this lawsuit to reflect its settlement with the primary insurers that were originally parties to this lawsuit, not to prevent removal." (Sec. Am. Pet. ¶ 15). These allegations conclusively establish that WCHP intended to prevent removal to federal court.

26. At the time the Original Plaintiffs filed the State Court Action on October 18, 2023, they knew that, a) the Arch policy only provided coverage for an insured loss in excess of, and after, the underlying (primary) insurers paid or admitted liability for the full amount of their policy limits, and b) the underlying (primary) insurers had not paid or admitted liability for the full amount of their policy limits. As such, WCHP did not have a good faith basis to file claims against the excess insurers—Arch and Landmark—unless and until those conditions-precedent were satisfied. The recent amendment to its pleading, dropping three of the four Original Plaintiffs (who

had no contract of insurance with the excess insurers and no standing to bring their claims in the first place) and non-suiting the defendant primary insurers, resulted in the lawsuit that was always intended to be filed against the excess carriers – only safely in State Court where WCHP is at home, rather than in federal court where WCHP had expected all along that Arch would choose for its forum, as it has the right to do.

## V.    CONSENT TO REMOVAL

27.    Defendant Landmark Specialty Insurance Company consents to this removal. Therefore, all defendants who have been properly joined and served consent to the removal of this action, satisfying 28 U.S.C. § 1446(b)(2)(A).

## VI.    CONCLUSION AND PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Arch hereby removes this action from the District Court of the 134th Judicial District, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is (a) complete diversity of citizenship, and (b) the total amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, removal of this action is appropriate. To the extent WCHP challenges this removal, Arch requests the opportunity to brief and argue any issues or questions regarding this Court's jurisdiction.

Dated: October 16, 2025                    Respectfully submitted,

By:    */s/ Robert E. Thackston*
**Robert E. Thackston**
Texas Bar No. 00785487
robert.thackston@nelsonmullins.com
**Tanya Scarbrough**
Texas Bar No. 24049268
tanya.scarbrough@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
3333 Lee Parkway, Suite 750
Dallas, TX 75219
Phone: 469-484-6100
Fax: 469-828-7217

**Robert I. Siegel**
Texas State Bar № 24054171
rsiegel@labordesiegel.com
**Charlotte A. Fields**
Texas State Bar № 24032175
cfields@labordesiegel.com

**LABORDE SIEGEL, LLC**
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone: (832) 255-6000
Facsimile: (832) 255-6001

**ATTORNEYS FOR DEFENDANT**
**ARCH SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 16, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system and served on all counsel of record via email and/or First-Class Mail.

    /s/ Robert E. Thackston