IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINDSOR COURT HOTEL PARTNERS, L.L.C., | § | |
| Plaintiff, | § | |
| v. | § | |
| ARCH SPECIALTY INSURANCE COMPANY, and LANDMARK AMERICAN INSURANCE COMPANY, | § | |
| Defendants, with Arch Specialty Insurance Company also as Counter-Plaintiff, | § | CIVIL ACTION NO. 3:25-CV-2813 |
| v. | § | |
| CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, L.L.C., ANATOLE PARTNERS III, L.L.C., and WINDSOR COURT HOTEL PARTNERS, L.L.C., | § | |
| Counter-Defendants. | | |

**PLAINTIFF AND COUNTER-DEFENDANTS' RESPONSE TO OBJECTION TO EXPEDITED BRIEFING SCHEDULE AND LATE-FILED CONSENT TO REMOVAL**

Plaintiff, Windsor Court Hotel Partners, L.L.C. ("Plaintiff"), and Counter-Defendants file this Response to Defendant Arch Specialty Insurance Co.'s ("Arch") Objection to Expedited Briefing Schedule (the "Objection") and to Defendant

Landmark American Insurance Co.'s ("Landmark" and, collectively with Arch, "Defendants") Consent to Removal ("Consent"). Nothing in Arch's Objection (or in any forthcoming opposition) or Landmark's Consent changes the fact that Arch's removal is factually, jurisdictionally, and procedurally improper. The Court should grant Plaintiff's Emergency Motion for Remand and Request for Expedited Briefing Schedule (the "Motion") and expeditiously remand this matter.

## I. RESPONSE TO ARCH'S OBJECTION

Plaintiff and Defendants are not diverse, and the Court should remand this case. Motion (Dkt. 28), pp. 3-4, 8-10 (and the exhibits cited therein). Remand is also appropriate because (1) Landmark did not timely consent to Arch's removal, and its late-filed consent does not permit removal (Motion (Dkt. 28), pp. 10-14; *see also, infra* Section II); (2) Arch did not timely remove this action after more than one year (really two years) of litigation despite there being *no* bad-faith forum manipulation by the original plaintiffs (Motion (Dkt. 28), pp. 15-20); and (3) Arch did not timely remove this action within thirty days of learning of the facts it says gave it the basis to do so. Motion (Dkt. 28), pp. 21-24.

Arch's Objection shows the very reason emergency remand is appropriate and necessary: Arch removed this suit to avoid a January 12, 2026 trial date the state court scheduled and has held despite multiple requests from Arch to set a later trial date. The state court *continues* to hold that trial date, pending this Court's disposition

of Plaintiff's Motion. *See* Exhibit Z (State Court Calendar Invite for January 2026 Trial Date) (App. 918-19). Because Plaintiff fully intends to pursue the earliest possible trial date, including the January 12, 2026 trial date, Plaintiff's Motion presents an emergency request **and justifies an emergency ruling** so that Arch cannot continue causing unnecessary and improper delay.

Arch's Objection misstates its burden to establish diversity and omits the entire conferral chain it cites in support of its Objection. *See* Exhibit AA (Full Conferral Emails) (App. 921-25). As Plaintiff told Arch in conferral, "[t]he information concerning the Windsor Court Hotel Partners, LLC and its ownership structure was previously produced to Arch in discovery." *See* Motion, Ex. C-1 (Dkt. 29-3, App. 014) (Produced WCHP Corporate Structure Chart). Despite having this chart, knowing that an LLC's citizenship is based upon the citizenship of each of its members, (*see* Motion (Dkt. 28), p. 6 (*citing Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008) and others)), and bearing the burden to establish diversity of the parties and federal jurisdiction (*see* Motion (Dkt. 28), p. 7 (*citing African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) and others)), Arch failed (and still has failed) to satisfy its burden to establish diversity. *See* Exhibit AA (App. 921-22). For instance, Arch did not sufficiently investigate the publicly available information of Plaintiff's owners *or* request, in discovery or otherwise, *any* additional citizenship or ownership information of any

of Plaintiff's other LLC member-owners that would have revealed a lack of diversity. *See* Exhibit AA (App. 921-24).

Arch has not met its burden on removal, and having more time to brief or respond cannot change the lack of diversity warranting remand nor Arch's failure to timely remove. Arch could have requested citizenship information or advised Plaintiff that it intended to remove the suit to federal court based on diversity jurisdiction. In either case, Plaintiff would have been able to show Arch that diversity did not exist and avoid the unnecessary expenditure of the parties' and Court resources. Because Arch did neither, the Court should remand this case and award Plaintiff its fees to oppose Arch's improper removal.

When Plaintiff filed the Original and Amended Petitions in state court, Plaintiff included only the member citizenship needed to destroy diversity at the time. *See* Motion (Dkt. 28), pp. 18-20 (certain members of Plaintiff were citizens of Texas, certain members of then-plaintiffs, now Counter-Defendants, were citizens of Delaware, and thus they were not diverse with certain primary insurer former-defendants, namely, Starr (Texas) and Endurance (Delaware)). When Plaintiff filed its Second Amended Petition, it could not have anticipated that Arch would remove without knowing Plaintiff's complete membership information and where Plaintiff otherwise pleaded sufficient allegations to establish an inability to remove after the one-year deadline. *See* Arch Objection (Dkt. 31), p. 2 (quoting Plaintiff's Sec. Am.

Pet ¶ 15) ("[A]t the commencement of this action, complete diversity of the parties…did not exist…because at least some then-plaintiffs and then-defendants shared domicile in both Delaware and Texas. Moreover, pursuant to 28 U.S.C. § 1446(c), Defendants may not remove this case because more than one year has passed since the commencement of this action and Plaintiff has amended this lawsuit to reflect its settlement with the primary insurers that were originally parties to this lawsuit, not to prevent removal.").

Ultimately, Plaintiff provided the diversity-destroying information to Arch both prior to and in the Motion (and again since the Motion), but Arch still has not agreed to a remand. Instead, Arch seeks more time to respond to delay this case even further. That is what Arch has done at every turn—requested more time, defied orders to produce documents and to proceed in litigation, and acted to delay a trial. For all of these reasons and those in Plaintiff's Motion, Plaintiff's Motion should be granted on an expedited basis and Plaintiff should be awarded fees.

## II. <u>RESPONSE TO LANDMARK'S LATE-FILED CONSENT</u>

On October 29, 2025, Landmark filed its Consent in a belated and ineffective effort to cure its failure to timely consent to Arch's Notice of Removal. *See* Consent (Dkt. 30). The Consent—filed thirty-three days after Landmark was served with Plaintiff's Second Amended Petition in state court—is untimely and, as Plaintiff's Emergency Motion to Remand provides, a "legal nullity." Motion (Dkt. 28) at 14 (quoting *Dees v. Singh*, No. 3:17-CV-2885-L, 2018 WL 4184783, at *5 (N.D. Tex. Aug. 31, 2018). Landmark's failure to properly and timely join in, or consent to, Arch's removal is fatal to the removal and requires remand. *See Coffman v. Dole Fresh Fruit Co.*, 927 F. Supp. 2d 427, 432-33 (E.D. Tex. 2013) (holding district court must remand procedurally defective removal, such as when co-defendant fails to consent properly or timely to removal).

Landmark asserts that it has consented to Arch's removal both by (1) giving Arch consent to its removal and (2) filing an answer to the Plaintiff's Second Amended Petition after the action was removed. Consent (Dkt. 30) at 1. Landmark cites *Rupert v. Winter*, No. 3:10-CV-0799-N, 2012 13102348, at *3 n.6 (N.D. Tex. Jan. 24, 2012) in support of the latter assertion. *Rupert* is, at best, an outlier, and, regardless, the cited footnote demonstrates that *Rupert* addressed very different facts than those before this Court. As Judge Godbey noted, the removing defendants did not rely upon "bare assertions of unanimous consent in the notice of removal," as

Arch and Landmark do here. *Id.* Rather, the removing defendants in *Rupert* filed "copies of emails directly from Defendants' counsel and/or separate joinders each signed in the name of Defendants' attorneys, bearing the notation that that name was signed with permission, accompanied by an affidavit swearing under penalty of perjury that all Defendants had consented." *Id.* Also, the non-removing defendants had participated in the suit for "close to two years" during the pendency of the notice of removal, "explicitly joined" in a supplemental removal notice, and did not aver "that their consent was fraudulent." *Id.*

Rupert, therefore, does not support Landmark's assertion that merely filing an answer after removal constitutes sufficient consent. *Rupert* does not even address whether a post-removal answer, filed in accordance with Federal Rule of Civil Procedure 81(c)(2), is consent in accordance with 28 U.S.C. § 1446. *Rupert* also does not support Landmark's suggestion that it has provided sufficient consent by telling Arch that it consented to the removal. *See* Consent (Dkt. 30) at 1.

Indeed, the only case to discuss *Rupert* in addressing the unanimous-consent requirement found *Rupert* to be both distinguishable and an outlier. In *Jason R. Bailey, MD, P.A. v. Blue Cross & Blue Shield of Texas, Inc.*, the court observed that *Rupert* was the "only court in the Fifth Circuit to accept consents to removal 'signed in the name of [codefendants'] attorneys . . . with permission' [and] specifically noted that the consents were 'accompanied by an affidavit swearing under penalty

of perjury that all [codefendants] consented' and that such a practice was 'explicitly allow[ed]' by the local rules of that court." 504 F. Supp. 3d 591, 595 (S.D. Tex. 2020) (quoting *Rupert*, 2012 WL 13102348, at *3 n.6). The court granted remand, in part because, unlike in *Rupert*, the defendant "did not file an affidavit nor any other evidence that codefendants had authorized . . . [it] to formally act on their behalf." *Id.* Arch and Landmark have likewise filed no affidavit or other evidence authorizing Arch to consent on behalf of Landmark.[1]

Landmark also fails to recognize that the footnote it cites from *Rupert* is dicta. In *Rupert*, two defendants removed the suit to federal court, six defendants purportedly joined the removal, but the remaining four defendants "explicitly did not consent to the notice of removal." *Id.* at *3. Although the district court found that the record filings sufficiently showed that the six defendants had consented, it rejected the removing defendants' arguments for excusing the other four defendants' lack of consent. *See id.* *4. So, the district court granted the plaintiffs' motion to remand on separate and independent grounds, rendering Landmark's authority dicta.

Not only does *Rupert* not support Landmark's assertion that its post-removal answer "clearly indicates its consent to removal," Consent (Dkt. 30) at 1, but *Rupert*

---

[1] The *Bailey* Court noted that email communications between the co-defendants, during the thirty-day removal period, in which the non-removing defendants gave the removing defendant permission to sign consents on their behalf—but that were not filed in the record until after the thirty-day removal period—could not be used to satisfy the rule-of-unanimity requirement. 504 F. Supp. 3d at 595 n.2. So, even if any such communications existed here, it would be too late.

also does not reject or deviate from the consensus rule in the Fifth Circuit that filing an answer, as Landmark did here, does not satisfy the rule of unanimity.[2] *Compare Rupert*, 2012 WL 13102348, at *3 n.6 (acknowledging but distinguishing caselaw "disallow[ing] bare assertions of unanimous consent in the notice of removal"), *with, e.g.*, *Blanco v. Knight Transp., Inc.*, No. 21-CV-00040-DC-DF, 2021 WL 8053529, at *4 (W.D. Tex. Oct. 15, 2021) ("the Texas Defendants' filing of an answer in this Court does not constitute implicit consent"), *report & recommendation adopted by* 2021 WL 8053509 (W.D. Tex. Dec. 7, 2021); *Popal v. Reliable Cargo Delivery, Inc.*, No. 20-CV-00039-DC-DF, 2021 WL 1100526 (W.D. Tex. Jan. 20, 2021) (recommending remand because neither certificate of conference in removal notice nor post-removal answer established consent), *report & recommendation adopted, in relevant part, by* 2021 WL 1100097 (W.D. Tex. Mar. 10, 2021); *Berra v. Cutter Aviation of San Antonio, Inc.*, No. SA-19-CA-0429-FB, 2020 WL 7481966 (W.D. Tex. Jan. 29, 2020) (granting remand because neither answer nor motion to dismiss evidenced consent); *Skyglass, Inc. v. Partnership, LLC*, No. 3:19-CV-1087-S, 2019 WL 3819282, at *3 n.3 (N.D. Tex. Aug. 14, 2019) ("filing an answer in federal court does not constitute consent to removal"); *Ahmed v. ASI Lloyds*, No. SA-17-CA-00336-FB, 2017 WL 9401067, at *2 (W.D. Tex. July 7, 2017) ("The mere filing of

[2] Plaintiff cited this consensus authority in its Emergency Motion to Remand. *See* Motion (Dkt. 28) at 14.

an Answer is not evidence of consent to removal."), *report & recommendation adopted by* 2017 WL 9403301 (W.D. Tex. Aug. 30, 2017); *Planto Furniture Mfg. Co. v. Hanover Ins. Co.*, No. SA-14-CV-677, 2014 WL 12496899 (W.D. Tex. Sept. 12, 2014) (granting remand because neither certificate of conference nor post-removal activity, including answer and opposition to motion remand, constituted consent to removal). The authority in this circuit and district establishes that Landmark's Consent is untimely and renders the removal defective.

## III. CONCLUSION

Accordingly, the Court should grant Plaintiff's request for an expedited hearing on its Motion, grant the Motion, award Plaintiff the fees it has incurred to oppose Arch's improper removal, and remand this suit to state court.

Respectfully submitted,

*/s/ Ernest Martin, Jr.*

Ernest Martin, Jr.
State Bar No. 13063300
ernest.martin@haynesboone.com
Emily Buchanan
State Bar No. 24101568
emily.buchanan@haynesboone.com
S. Benjamin Schindler
State Bar No. 24121820
s.benjamin.schindler@haynesboone.com
HAYNES AND BOONE, L.L.P.
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

Kathleen Repko*
State Bar No. 318775 (PA)
Kathleen.repko@haynesboone.com
HAYNES AND BOONE, L.L.P.
888 16th Street, NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 654-4527
Telecopier: (202) 654-4265
**Admitted pro hac vice*

ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANTS

Leopold Z. Sher*
lsher@shergarner.com
Martha Y. Curtis
State Bar No. 24014921
mcurtis@shergamer.com
James M. Garner
State Bar No. 792312
jgarner@shergarner.com
Joshua Force
State Bar No. 07226520
jforce@shergarner.com
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street Suite 2800
New Orleans, LA 70112
Telephone: (504) 299-2100
Telecopier: (504) 299-2311
* *Admitted pro hac vice*

ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT WINDSOR COURT HOTEL PARTNERS, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all counsel of record by e-filing in compliance with the applicable Federal Rules of Civil Procedure on November 5, 2025.

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.